OPINION
{¶ 1} Just after midnight on November 22, 2001, Robin Thomas heard a commotion in an apartment above hers. She realized that the noise was coming from an apartment shared by Marjorie Strait and appellant Nacoleon Torrence. She heard Strait crying and screaming for help. Strait was screaming about appellant, pleading for someone to call the police. Thomas called 911. Shortly thereafter, Canton Police Office Charles Saler responded to the call and proceeded to the apartment.
 {¶ 2} Saler knocked on the door. He could hear a female crying, and a male telling her to stop. Saler knocked loudly several times, stated that he was the police, and ordered them to open the door. Appellant replied that he would not open the door. Strait was still crying, and asking for appellant to let her get up. At this point Saler called for backup, and notified his supervisor that he would make a forced entry.
 {¶ 3} Saler told appellant that he would have to make a forced entry if appellant did not open the door. Receiving no response, Saler placed his hand on his holstered gun and kicked the door open. Strait was in the bedroom, crying and screaming. Appellant was standing just inside the bedroom doorway. As Saler could not see appellant's hands, he ordered him to back away from Strait and show his hands. Appellant did not comply. Standing about eight feet away from appellant, Saler drew his gun and repeated the order to show his hands and back away from Strait. Appellant again refused to comply. Either appellant or Saler changed positions, and Officer Saler could then see appellant's hands. When he observed that appellant was not holding anything, Saler holstered his gun. He then approached appellant and ordered him to the ground. Appellant refused to comply. Appellant stated that he was not going to the ground, and stepped away from Saler. Saler radioed that he had a suspect resisting and that backup should be expedited. He then notified appellant that he was under arrest.
 {¶ 4} After being informed that he was under arrest, appellant continued to ignore Saler's orders. As appellant attempted to pull away, Saler executed a leg sweep, taking him to the ground. Appellant continued to refuse to be handcuffed. Strait yelled at Saler that appellant had a neck problem, so Saler steered clear of his neck, using an arm bar to handcuff him on the ground. During the encounter, appellant attempted to pull free.
 {¶ 5} After backup arrived, and appellant was escorted from the apartment, Saler talked to Strait and had her prepare a domestic violence complaint. Strait had swelling and redness around her eye. She was still crying and upset. She told Saler that appellant had struck her in the right eye with a closed fist and pulled her hair. She also told Saler that appellant was her live-in boyfriend.
 {¶ 6} Appellant was charged with domestic violence in violation of R.C. 2919.25(A) as a felony, due to his prior domestic violence conviction. He was also charged with resisting arrest in violation of R.C. 2921.33(A). The case proceeded to jury trial in the Stark County Common Pleas Court.
 {¶ 7} At trial, Strait testified that she called the police because she was angry with appellant. Instead of staying home and helping her prepare Thanksgiving dinner, appellant told Strait that he was going out his friends. Strait testified that she wanted appellant in jail instead of cruising with his friends, leaving her home alone to prepare everything for Thanksgiving. She admitted that she was crying and screaming when Officer Saler arrived on the scene, but claimed it was from frustration, not fright. She admitted that she told Saler at the scene that appellant had hit her in the face, as she knew this would get appellant arrested. Several days later, Strait went to the Canton Law Director's office and notified authorities that she had lied about the domestic violence allegations. She failed to appear at the preliminary hearing in Municipal Court, or at the Grand Jury proceeding. She also prepared a letter which she gave to appellant's family, reiterating that she lied about the domestic violence allegations because of the disagreement with appellant over Thanksgiving. Strait also testified that Saler never identified himself as a police officer, and that appellant never resisted Saler's efforts to place him under arrest.
 {¶ 8} Appellant was acquitted on the charges of domestic violence, but convicted of resisting arrest. He assigns a single error on appeal:
 {¶ 9} "The trial court committed prejudicial error and deprived appellant of due process of law guaranteed by the United States and Ohio Constitutions by finding appellant guilty of resisting arrest, against the sufficiency and manifest weight of the evidence, where the state failed to offer sufficient evidence to prove each and every element of the charged offense beyond a reasonable doubt."
 {¶ 10} Appellant challenges both the sufficiency and manifest weight of the evidence in support of his conviction for resisting arrest. Appellant was convicted of resisting arrest in violation of R.C.2921.33(A), which prohibits any person from recklessly or by force resisting or interfering with the lawful arrest of himself or another person.
 {¶ 11} With respect to sufficiency of the evidence, sufficiency is a term of art meaning the legal standard applied to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the verdict as a matter of law. State v. Thompkins78 Ohio St.3d 380, 678 N.E.2d 541, 1997-Ohio-52. Whether the evidence is legally sufficient to sustain a verdict is a question of law, and a conviction based on legally insufficient evidence constitutes a denial of due process. Id. at 386-87.
 {¶ 12} Appellant argues that the evidence did not establish that he resisted Saler's efforts to place him under arrest. However, Saler's testimony established the material elements of the offense. Appellant repeatedly refused to comply with Saler's demands that the door be opened. He continued his behavior by refusing to comply with Saler's repeated commands to step away from Strait and show his hands. After Saler told appellant he was under arrest, appellant refused to get on the ground, and continually tried to pull away. After Saler was forced to use a leg sweep to bring appellant to the ground, appellant continued to try to pull away, and Saler had to use an arm bar to immobilize appellant and handcuff him. This evidence was sufficient to support the conviction for resisting arrest. As to manifest weight of the evidence, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Id. at 387. The discretionary power to grant a new trial shall be exercised only in the exceptional case in which the evidence weighs heavily against conviction. Id.
 {¶ 13} Appellant essentially argues that the jury lost its way in believing the testimony of Saler, instead of the testimony Marjorie Strait. Strait testified that she lied to Saler when she filled out the domestic violence complaint and that she was simply angry with appellant for failing to help her prepare Thanksgiving dinner. However, Robin Thomas and Saler testified that Strait was crying and upset, and seemed frightened of appellant. Upon knocking on the door, Saler heard Strait say that appellant would not let her up to open the door. Thomas corroborated Saler's testimony that he identified himself as a police officer. As stated earlier, Saler's testimony provided sufficient evidence, which if believed, would support a conviction for resisting arrest. The record does not demonstrate that the jury clearly lost its way in believing the testimony of Officer Saler over the testimony of Strait. The judgment is not against the manifest weight of the evidence.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.
topic: resisting arrest-manifest weight — sufficiency of evidence.